1

2

3

4

5

6

7

8

9 **IN THE UNITED STATES DISTRICT COURT**

10 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

12

13 LOUIE MENDOZA,

Case No. CV 17-7593 JAK (MRW)

14                   Petitioner,

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

15          v.

16 STU SHERMAN, Warden,

17                   Respondent.

18

19          The Court grants the Attorney General's unopposed motion to dismiss this

20 unexhausted habeas action.

21                                    * * *

22          1.       Petitioner filed this habeas action under 28 U.S.C. § 2254 to

23 challenge his state court conviction for murder.  (Docket # 1.)

24          2.       The Attorney General moved to dismiss the action.  (Docket # 7.)

25 According to the Attorney General's motion, Petitioner failed to present fully his

26 ineffective assistance of counsel claims for review in the state supreme court

27 before initiating federal court review.  The Attorney General sought to dismiss the

28

"mixed" petition because it contained exhausted and unexhausted claims.  (Id. at 5 (citing Pliler v. Ford, 542 U.S. 225 (2004), and other authorities).)

       3.     Magistrate Judge Wilner issued an order informing Petitioner of his obligation to respond to the motion.  (Docket # 9.)  Petitioner failed to file a response to the motion.  Judge Wilner then issued an order to show cause why the motion should not be granted as unopposed pursuant to Local Rule.  (Docket # 10.)  The order to show cause expressly informed Petitioner that a further failure to respond would lead to dismissal.  Petitioner failed to respond to the OSC, too.

* * *

       4.     Local Rule of Court 7-9 requires a party to file a memorandum stating the basis for that party's opposition to a motion.  Local Rule 7-12 states that the "failure to file any required document [ ] may be deemed consent to the granting or denial of the motion."

       5.     Local Rule 7-12 warrants dismissal of the case.  The Court clearly informed Petitioner of this requirement in two previous orders.  Petitioner did not file a response that addressed the Attorney General's argument.  Petitioner's failure to respond to the dismissal motion signifies his consent to the dismissal of the action.

       6.     Moreover, Federal Rule of Civil Procedure 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Dismissal also may be ordered by the Court sua sponte.  Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).  To determine the appropriateness of a dismissal under Rule 41(b), a district court should consider the following factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy

favoring the disposition of cases on their merits; and

      (5) the availability of less drastic sanctions.

Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (same).

      7.    As noted above, Petitioner failed to respond to the magistrate judge's orders regarding the action. That strongly suggests that he no longer seeks a ruling on the merits of his habeas claims (factor 4). Dreith, 648 F.3d at 788. By contrast, the public, the Attorney General, and the Court all have a strong interest in dismissal of this case in light of Petitioner's conduct (factors 1-3). Finally, given Petitioner's failure to file a response to the Attorney General's dismissal motion or Judge Wilner's order, no sanction short of dismissal seems likely to encourage further participation in the litigation (factor 5).

      8.    Therefore, the present action is hereby DISMISSED without prejudice.

      IT IS SO ORDERED.


Dated: April 25, 2018            _____

                              JOHN A. KRONSTADT
                              UNITED STATES DISTRICT JUDGE


Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE